UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL MATTHEWS, | ) | |
| | ) | Civil No. 6: 18-CV-122-GFVT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| H. JOYNER, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Michael Lee Matthews has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2006, Matthews was convicted in Syracuse, New York, of bank robbery in violation of 18 U.S.C. § 2113(a) and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. Over Matthews' objections, the trial court concluded that his federal convictions, as well as at least two of his prior convictions, were for "serious violent felonies" within the meaning of 18 U.S.C. § 3559(c)(2)(F)(i). As a result, he was subject to a mandatory term of life imprisonment on both counts pursuant to the "three strikes" provision of 18 U.S.C. § 3559(c)(1)(A)(i), and the trial court imposed that sentence in February 2007.

During sentencing proceedings, the prosecution noted that as many as five of Matthews' prior convictions qualified as valid predicate offenses. First, Matthews had three convictions imposed under New York's Youthful Offender law for offenses committed before he had

reached the age of nineteen. On August 8, 1970, Matthews raped a woman at knifepoint and took money from her person, conduct which formed the basis for his First Degree Robbery conviction under New York Penal Law § 160.15. Nine days later, Matthews broke into a woman's home and raped her at knifepoint, conduct which formed the basis for his Second Degree Burglary conviction under New York Penal Law § 140.25. On September 6, 1970, Matthews attempted to break into another woman's home but fled when police tried to apprehend him, conduct which formed the basis for another conviction for Second Degree Burglary under New York Penal Law § 140.25. Second Circuit law in effect at the time of his federal sentencing indicated that these Youthful Offender convictions would qualify as valid predicate offenses to enhance Matthews' sentence. *Cf. United States v. Cuello*, 357 F. 3d 162 (2d Cir. 2004).

In addition, Matthews had two prior adult convictions for First Degree Robbery imposed on November 18, 1983. See *People v. Matthews*, 497 N.E.2d 287, 68 N.Y.2d 118 (1986).[1] Finally, Matthews had previously been convicted of bank robbery in violation of 18 U.S.C. § 2113 and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 in March 1993. See *United States v. Matthews*, 20 F. 3d 538 (2d Cir. 1994). During the 2007 sentencing, the trial court concluded that at least two of Matthews' convictions qualified as 3559(c) predicates and sentenced him to life imprisonment. *United States v. Matthews*, No. 5: 05-CR-519 (N.D.N.Y. 2005). Matthews' direct appeal was principally directed towards this determination,

---

[1] While on pretrial release for this offense, Matthews was charged with robbing a bank in Atlanta, Georgia, in December 1982. The federal charges for that offense were dismissed without prejudice pending the outcome of the New York state prosecution. *Id*. at 120.

2

but the Second Circuit affirmed the reasoning and conclusions of the trial court. *United States v. Matthews*, 545 F. 3d 223 (2d Cir. 2008).

In 2014, the trial court granted in part Matthews' § 2255 motion for relief from his conviction for bank robbery, concluding that his trial counsel provided ineffective assistance of counsel by conducting an inadequate pretrial investigation regarding his whereabouts just before the bank robbery. As a result, the trial court entered an order vacating his conviction and life sentence for bank robbery, but left intact his conviction and resulting life sentence for conspiracy to commit bank robbery. *United States v. Matthews*, 999 F. Supp. 2d 352 (N.D.N.Y. 2014). The Second Circuit denied Matthews' motion for a certificate of appealability in 2015.

In his present §2241 petition, Matthews contends that the enhancement of his sentence under Section 3559(c) based upon his 1983 New York convictions for First Degree Robbery was improper in light of the Supreme Court's decision in *United States v. Johnson*, 559 U.S. 133 (2010) and the Second Circuit's decision in *United States v. Jones*, 830 F. 3d 142 (2d Cir. 2016). [R. 1 at 7, 13-16.]

Resort to a § 2241 petition as a vehicle to challenge the validity of a sentence is only permissible where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Matthews was sentenced in February 2007, two years after *Booker* was decided, and hence his claims do not satisfy the threshold criteria for cognizability under *Hill*. Even if Matthews could assert his claim under *Johnson* in a § 2241 petition, that case does not assist him. In *Johnson*, the Supreme Court held that a prior conviction for felony battery under Florida Statute § 784.03(1)(a), (2) does not qualify as a violent felony under the "use of force" clause found in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). *Johnson*, 559 U.S. at 139- 42. Here, the trial court found that Matthews' prior First Degree Robbery conviction qualified as a "serious violent felony" under the "enumerated offense" provision found in § 3559(c)(2)(F)(i), which expressly identifies robbery as a predicate offense. Matthews' case thus involved a different underlying offense committed in a different state and a federal sentence enhanced under a different career offender provision than those involved in *Johnson*. The analysis in *Johnson* is therefore wholly inapposite to the enhancement of Matthews' sentence under the enumerated offense clause.

Matthews' reliance upon the Second Circuit's decision in *Jones* is likewise misplaced. As a threshold matter, this is a decision by a Court of Appeals rather than by the United States Supreme Court, and therefore cannot form the basis for relief under the savings clause. *Hill*, 836 F. 3d 591 at 599. In addition, Matthews cites to *United States v. Jones*, 830 F. 3d 142 (2d Cir. 2016) in support of his claim, but that decision was vacated pending the Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). *See United States v. Jones*, 838 F. 3d 296 (2d Cir. 2016). Thereafter, the Second Circuit concluded in that case that First Degree Robbery under New York law categorically qualifies as a crime of violence under the career offender provisions of the Sentencing Guidelines. *United States v. Jones*, 878 F. 3d

4

10, 13 (2d Cir. 2017). Apart from the fact that *Jones* involved interpretation of a provision not at issue in his case, its holding undermines rather than supports Matthews' claim.

For each of the foregoing reasons, Matthews' petition will be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Michael Matthews' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**; and

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 8th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge